**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YVONNE APELIAN, an individual, | No. 17-55386 |
| Plaintiff – Appellee, | D.C. No. 2:16-cv-04977-PSG-PLA |
| v. | MEMORANDUM* |
| ALLSTATE INSURANCE COMPANY, an Illinois corporation; SUZANNE BADAWI, Counsel for defendant Allstate Insurance Company, | |
| Defendants – Appellants. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 5, 2018
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and BENNETT,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

1

Appellants Allstate Insurance Company and its trial counsel appeal a magistrate judge's sanctions award of attorney's fees of $12,500 plus an additional $500 against Allstate, and $950 against its trial counsel as sanctions for conduct related to an unsuccessful settlement conference. The magistrate judge's sanction order was affirmed by the district court judge. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review sanctions for abuse of discretion. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO, L.L.C.*, 773 F.3d 1050 (9th Cir. 2014); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993).[1] We affirm the sanctions against trial counsel, but reverse the sanctions against Allstate.

**1.** It is undisputed that trial counsel was late in filing Allstate's confidential mediation statement as required by the court's Settlement Order, that the statement failed to include many of the categories of information required by the Settlement Order, and that trial counsel was approximately 15 minutes late

---

[1] Rule 16(f) of the Federal Rules of Civil Procedure permits federal courts to impose sanctions on a party or attorney who is (1) "substantially unprepared to participate—or does not participate in good faith—in [a settlement] conference," or (2) "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(B)-(C). A district court may set aside a magistrate judge's order if it is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

arriving for the settlement conference.[2]  We find this conduct sufficient to affirm the $950.00 sanction.  *Mendez*, 540 F.3d at 1130; *Goss*, 6 F.3d at 1396.  Thus, we do not reach other contested issues the magistrate judge relied upon in awarding this sanction.

While uncontested, we find it troubling that none of these deficiencies appeared to concern the magistrate judge, despite several opportunities to raise them, until after Allstate made its only settlement offer at the settlement conference, which was to waive costs in exchange for a dismissal.  That offer clearly displeased the magistrate judge, presumably because it was also not disclosed to the magistrate judge prior to the settlement conference despite two opportunities to do so.  This offer was the catalyst for the magistrate judge's conclusion that Allstate and its counsel failed to participate in good faith in the settlement conference.  Interestingly, or perhaps ironically, this is the precise offer the plaintiff accepted slightly over a month later.

---

[2]     There is a fact dispute as to how late counsel was to the settlement conference and her accuracy in disclosing to the court how late she was, but those are disputes we need not resolve.  At most, counsel was 18 minutes late.  She also offered mitigation that she had used GPS for several days prior to the settlement conference to determine how long it would take her to get to the courthouse, but that an unexpected train caused her to be late.  When she realized she was going to be late, she called the Allstate representative appearing with her at the settlement conference to ask him to inform the court she would be late.

**2.** We reverse the sanctions award of attorney's fees plus $500 against Allstate. There is no evidence that Allstate was responsible for or even knew about counsel's failure to submit a timely and complete confidential mediation statement; counsel's decision not to disclose Allstate's meager settlement position prior to the settlement conference; or counsel's tardy appearance at the settlement conference. There is also no evidence that Allstate failed to participate in the settlement conference in good faith. Thus, we find it was an abuse of discretion to sanction Allstate.

**AFFIRMED IN PART AND REVERSED IN PART**

The parties shall bear their own costs on appeal.